791 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALFRED REEVES, Plaintiff-Appellant
v.
GARY LIVESAY, LINDA DODSON, VIRGINIA LEWIS, WILLIE GRACE
ANGLE AND DOTTIE WYATT, Defendants-Appellees.
 84-5816
 United States Court of Appeals, Sixth Circuit.
 4/9/86
 
 AFFIRMED
 E.D.Tenn.
 ORDER
 BEFORE: KRUPANSKY and GUY, Circuit Judges: HOLSCHUH, District Judge.*
 
 
 1
 Plaintiff is appealing from an order dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record shows that plaintiff is presently incarcerated at the Bledsoe County Regional Correctional Facility at Pikeville, Tennessee. He alleges in his complaint that the defendants, as officials of the prison, have violated his constitutional rights by prescribing him medication which has aggravated his present medical condition. He alleges specifically that on March 21, 1984, the defendant Dottie Wyatt, a medical employee at the prison, prescribed a medication containing aspirin to the plaintiff. He alleges further that on April 18, 1984, the defendant Willie Grace Angle, another member of the medical staff, prescribed the same medication to him. Plaintiff is allergic to aspirin and he alleges that the prescription of this medication caused him to suffer a cardiac arrest. He characterized defendants' actions as 'willful, reckless, neglectful, and wanton'.
 
 
 3
 Plaintiff filed two grievances concerning this situation and received the following response from the defendant warden:
 
 
 4
 It is regretable [sic] that the inmate experienced the difficulty and the medical staff has again been reminded of the need to inquire of each man about allergies prior to administering over the counter medication. At the same time, it should be noted that the inmate has a responsibility when he is aware of an allergy to notify the medical staff at such time medication is prescribed and/or administered.
 
 
 5
 On July 27, 1984, a U.S. Magistrate issued a report finding the cause to be without merit but permitting plaintiff 20 days to amend his complaint. In passing, the Magistrate noted a handwritten report of the situation signed by defendant Virginia Lewis, and submitted by the plaintiff, indicating that plaintiff did not actually suffer a cardiac arrest from the medication, but rather suffered some aggravation of an existing asthma condition. Plaintiff responded by filing an amended complaint alleging that defendants 'have a legal and moral duty or obligation to conform to a certain standard of conduct to protect those they serve against unreasonable risks which would act as a safeguard against damage to their health or well being.' Plaintiff further alleged that defendants were negligent in not checking his 'medical jacket' to learn of his special medication needs. He alleged that the 'elements of negligence are positively clear.'
 
 
 6
 On August 23, 1984, the district court entered an order dismissing plaintiff's complaint for failure to state a claim for relief. The court found that defendants had not demonstrated a 'deliberate indifference' to serious medical needs such as to state a constitutional claim under Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 7
 Upon consideration, we affirm the district court's conclusion.
 
 
 8
 Plaintiff's handwritten pro se complaint must be liberally construed. As the Supreme Court held in Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, 'however inartfully pleaded', must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 9
 Even applying these liberal standards, however, plaintiff's claims against defendants are not cognizable under Section 1983. Although defendants' action in dispensing the same allergen to plaintiff twice may be viewed as negligent, there is no evidence of record to show that defendants acted deliberately or willfully to deprive the plaintiff of his Eighth Amendment right against cruel and unusual punishment. Estelle v. Gamble, supra, at 104.
 
 
 10
 Accordingly, the final order of the district court is hereby affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John D. Holschuh, U.S. District Judge for the Southern District of Ohio, sitting by designation